**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------- x
VICTOR CAMPBELL, individually and :
on behalf of all others similarly situated :
: **Civil Action No.**
Plaintiff, :
:
- against - :
: **CLASS ACTION COMPLAINT**
: **AND JURY DEMAND**
CITY OF NEW YORK, and NYPD :
OFFICERS JOHN DOES #1-4 (True :
Names Being Presently Unknown), :
:
Defendants. :
------------------------------------------------- x

## NATURE OF THE ACTION

1. On June 3, 2020 Plaintiff Victor Campbell, an essential worker, was returning home after a long day's work delivering food to New Yorkers quarantined in the midst of the Coronavirus pandemic that had already killed 18,679 residents of our city since March 1, 2020.

2. He left work at 8pm on his electric bicycle at Whole Foods just as the city-wide curfew went into effect. Fifty minutes later at Columbus Circle he was forcibly yanked off his bicycle and placed under arrest by a white-shirted NYPD officer, whom he believed was a Lieutenant, despite presenting him with written confirmation from Whole Foods that he was an essential worker permitted to be outside past the curfew. Campbell was then jailed for several hours by officers without facemasks at the local 17th Precinct before being released with a summons for a curfew violation that was then dropped.

3. Plaintiff brings this action against the individual NYPD officer defendants for violations of his rights under the Fourth Amendment of the United States Constitution to be free from illegal search and seizures, and under Fourteenth Amendment for the excess force of the individual NYPD officer John Doe #1 in effecting his unlawful arrest. He also brings this action under the New York State Constitution against the City of New York under Article I, Section 12

law for his illegal seizure and detention by the individual NYPD officer Defendants. These Defendants were acting within the scope of their employment by the City of New York, which is thus liable under the legal doctrine of *respondeat superior* for these State constitutional violations. The individual NYPD officer Defendants are also liable under New York State common law for assault and battery, false arrest, and false imprisonment of Plaintiff. With respect to these State tort claims, the City of New York, as the employer of these NYPD officers is also liable under the doctrine of *respondeat superior*. Plaintiff seeks compensatory damages against the individual NYPD officers involved and the City of New York as their employer, as well as punitive damages against the officers for their willful and wanton illegal misconduct violating their oaths to uphold the law.

## PARTIES

4. Plaintiff Victor Campbell is a resident and citizen of New York.

5. Defendant City of New York ("City") is a municipal corporation organized under the laws of the State of New York with its principal place of business in the County of New York.

6. Defendants NYPD Officer John Does #1-4 are uniformed members of the service who were involved in either Plaintiff's unlawful arrest and/or his subsequent detention. The name John Doe is fictitious and refer to individual NYPD officers involved in Plaintiff's arrest and/or ensuing detention whose true identities are presently unknown to Plaintiff. At all relevant times, the individual officers were employed by the City of New York and acted under the color of law in the course and scope of their duties as officers, agents, servants, and employees of the NYPD and the City of New York.

## JURISDICTION AND VENUE

7. This Court has federal question, subject matter, jurisdiction over this case, pursuant to 28 U.S.C. §§ 1331 and 1343(a) since it includes claims under the Fourth and Fourteenth Amendments to the United States Constitution, and thus arises under federal law, 42 U.S.C. § 1983.

8. Pursuant to Federal Rules of Civil Procedure, Rule 4(k)(1)(A), this Court can obtain personal jurisdiction over all Defendants through service of process since they all would be subjection to the jurisdiction of a New York court of general jurisdiction. Defendant the City of New York, is a citizen of the State of New York because it is incorporated and maintains its principal place of business in the State of New York. Upon information and belief, all the individual NYPD officer Defendants are residents and also citizens of the State of New York. Constitutional due process would not be violated since this court would be properly exercising its specific jurisdiction since the claims in this action arose out of the conduct of all the Defendants within New York.

9. Under federal question jurisdiction in this case, pursuant to 28 U.S.C. § 1367, the Court can exercise its supplemental jurisdiction to consider Plaintiff's New York State Constitutional and New York common law claims.

10. Venue in New York County is proper, pursuant to 28 U.S.C. § 1392(b), because Plaintiff was unlawfully arrested and detained in Manhattan.

## JURY DEMAND

11. Plaintiff demands a trial by jury, pursuant to FRCP, Rule 38.

## COMPLIANCE WITH NEW YORK GENERAL MUNICIPAL LAW

12. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York within 90 days of the events complained of herein. The Notice of Claim described the relevant

events in sufficient detail so as not to require the specification of the individual NYPD officer Defendants at this stage of the litigation, and Plaintiff's counsel has made a Freedom of Information Law request for those names. *See:* Espinoza v. City of New York, 194 F. Supp. 3d 203, 209 (E.D.N.Y. 2016) ("Here, where Plaintiff's notice of claim described the incident in detail, this Court declines to elevate form over substance by an unduly strict application of § 50-e.")

13. Plaintiff has complied with all other applicable requirements of the New York General Law, including attending a General Municipal Law § 50-h examination.

14. More than thirty days have elapsed since the filing of Plaintiff's Notice of Claim, and adjustment or payment thereof has long been neglected or refused.

## FACTUAL ALLEGATIONS

15. Plaintiff is a 25-year-old resident of Manhattan who on June 3, 2020 was working as a grocery delivery specialist for the Whole Foods Store located on East Houston Street and Second Avenue.

16. He was deemed an essential worker during the Coronavirus pandemic in New York City and delivered food to New Yorkers, many of them quarantined.

17. On June 3, 2020 his shift ended at 8pm, just as the City-wide curfew went into effect. As an essential worker he was legally permitted to be outside after the curfew, and had written confirmation of that with him from Whole Foods.

18. At the end of his shift, Plaintiff left on his electric bicycle to go home, which was uptown at 50 West 132 Street.

19. At about 8:50pm as Plaintiff came to Columbus Circle traveling westward on 59th Street near Central Park he saw about 30 NYPD officers ahead of him. One of them was an NYPD officer, John Doe #1 in a white shirt who he believed was a lieutenant.

20. John Doe #1 was in front of him and told him to come to a stop. Plaintiff complied. However, this officer, who appeared very agitated, then jumped directly in front of the bicycle, grabbed it and took Plaintiff forcibly off the bike.

21. Plaintiff at that point asked John Doe #1 why he had stopped him. The officer responded that he was breaking curfew.

22. Plaintiff then explained that he was an essential worker, allowed to be out during the curfew. He showed John Doe #1 a written letter from Whole Foods stating that he was an essential worker with the address and phone number of the store. But John Doe # 1 ignored it, and kept repeating that Plaintiff was breaking curfew.

23. Plaintiff also explained to John Doe #1 that he had just finished his work shift and pointed out that he was still in his work uniform.

24. Then a NYPD Sergeant, John Doe #2, working with John Doe #1 approached Plaintiff and asked him for his ID. They ran his ID through their system and it came back empty.

25. Plaintiff asked again why he was being detained, and John Doe #2 informed him that it was for breaking curfew.

26. As Plaintiff was being hand-cuffed he attempted to take his phone out to film what was occurring, but it was snatched out of his hand by John Doe #1.

27. John Doe #1 then patted him down and searched his pockets.

28. Plaintiff was then put handcuffed into a police car and driven to the local precinct, by another officer, John Doe #3.

29. At what he believed was the 17th Precinct, Plaintiff was put into a cell for two hours by another NYPD officer, John Doe #4.

30. Plaintiff had a cell-mate who did not have a mask on.

31. None of the officer Defendants involved in his arrest and detention were wearing masks.

32. Plaintiff was issued a Desk Appearance Ticket for a curfew violation and told at the Precinct to show up in Court. However, before his appearance date, he was called and told that the charges had been dismissed.

33. Plaintiff has been psychologically damaged by the misconduct of the police officer in unlawfully arresting and detaining him. As he explained: "Emotionally, it's like now I'm scared. I can't really trust them. Especially me being a guy out there in the pandemic trying to help people. It's like there's no respect."

## CLASS ACTION ALLEGATIONS

34. Plaintiff seekS to represent a certified class pursuant to Rule 23(b)(2) and (3) of the Federal Rules of Civil Procedure consisting of all persons who were arrested during last year's curfew while travelling to and from their place of employment and meet the definition of essential worker as defined in the regulations and executive orders of the State and City of New York.

35. The members of the class are so numerous as to render joinder impracticable.

36. Upon information and belief, more than three hundred essential workers were arrested while travelling to and from work during last year's curfew.

37. Upon information and belief, many class members who had their rights violated by the City's unconstitutional policies and practices have not pursued individual claims due to the difficulty of pursuing litigation, and fear of retaliation by law enforcement.

38. The named Plaintiff's claims are typical of those of the class. Like the other members of the class, the named Plaintiff was arrested while travelling from work to his home

during curfew hours, and the policy made no inquiry into whether he was an essential worker who was legally allowed to be outside.

39. The class members' claims share a number of common questions of law and fact, including, but not limited to:

   a) Whether essential workers travelling to and from work during curfew hours were arrested without probable cause;

   b) What instructions were given to NYPD regarding arresting individuals found outside during curfew hours;

   c) Whether the defendants adopted a policy and/or implemented a practice or custom of arresting individuals who were found outside during curfew hours, without performing any investigation into whether the individual was an essential worker, such as making an inquiry to the individual, and reviewing any paperwork or identification in the individual's possession.

40. Plaintiff is represented by Mohammed Gangat, Esq. and Joshua Nessen, Esq., who have more than 30 years of combined litigation experience. Each of them have litigated Section 1983 actions in federal court and lead plaintiffs in class actions. Mr. Gangat worked directly on the lawsuit concerning the City's response to protests surrounding the 2004 Republican National Convention

41. Plaintiff's counsel have the resources, expertise, and experience to prosecute this action, and know of no conflicts among members of the class or between the attorneys and members of the class.

42. A damages class should be certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law or fact common to class members

predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

43. A declaratory class should be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because the Defendants have acted on grounds generally applicable to the class, thereby making class-wide declaratory relief appropriate.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**42 U.S.C. § 1483-Violations of the Fourth Amendment (Unlawful Seizure and Detention) Against NYPD Officers John Does #1-4**

44. Plaintiff alleges, and incorporates by reference the allegations in all previous paragraphs above as if set forth fully herein.

45. All the individual Defendant NYPD officers seized and/or then unlawfully detained Plaintiff on June 3, 2020 without probable cause that he was engaged in criminal conduct. In fact, the officers John Does #1 and #2 specifically ignored the words and written proof from Whole Foods, Plaintiff's employer, that Plaintiff was an essential worker entitled to be out in public past the 8pm city-wide deadline, whose violation was the alleged basis for his arrest and ensuing detention.

46. As a result of the illegal abuse to which he was subjected, Plaintiff, a New York resident, was deprived of his liberty, property, and constitutional rights under the Fourth Amendment to the United States Constitution.

47. At all relevant times, all the individual NYPD officer Defendants were acting under color of state law.

48. The conduct of all the individual NYPD officer Defendants in arresting and/or detaining Plaintiff was in willful and wanton disregard of Plaintiff's rights under the United

States Constitution entitling him to an award of punitive damages from those Defendants, in addition to compensatory damages for the damages he suffered.

## SECOND CAUSE OF ACTION

**New York State Constitution – Article I, § 8 (Unlawful Seizure and Detention)**
**Against City of New York**

49. Plaintiff alleges, and incorporates by reference the allegations in all previous paragraphs above as if set forth fully herein.

50. All the individual Defendant NYPD officers seized and/or then unlawfully detained Plaintiff on June 3, 2020 without the reasonable articulable suspicion of criminality required under Article I, § 8 of the New York State Constitution.

51. As a result of these abuses, Plaintiff, a New York resident, was deprived of his liberty, property, and constitutional rights under the New York State Constitution.

52. At all relevant times, all the individual NYPD officer Defendants were acting under the color of state law.

53. At all relevant times, the individual NYPD officer Defendants were employees of the City of New York, and were acting within the scope of their employment. Defendant City of New York is thus responsible for their actions, and liable for all damages to Plaintiff with the exception of punitive damages under the doctrine of *respondeat superior*.

54. This cause of action for violations of the New York State Constitution can be maintained against the City of New York, because corresponding violations of the Search and Seizure clause under the Fourth Amendment to the U.S. Constitution could not be maintained, pursuant to 42 U.S.C. § 1983, following Monell v. Department of Services, 436 U.S. 658 (1978) under the legal theory of *respondeat superior*, which is applicable to violations of the New York State Constitution. *See* Alwan v. City of New York, 311 F. Supp. 3d 570, 588 (E.D.N.Y. 2018) (affirming that Plaintiff's search and seizure claim upholding the right not to be unreasonably

detained and searched under the New York State Constitution could be maintained against the City under *respondeat superior* but not under *Monell* liability).

## THIRD CAUSE OF ACTION

### 42 U.S.C. § 1483 – Fourteenth Amendment (Excessive Force)
### Against NYPD Officer John Doe #1

55. Plaintiff alleges and incorporates by reference the allegations in all previous paragraphs as of set forth fully herein.

56. Defendant NYPD Officer John Doe #1 used objectively unreasonable force in effecting the arrest of Plaintiff proximately causing him both physical and emotional injury when he violently yanked him off his bicycle even after he had voluntarily stopped after being ordered by that officer to do so.

57. At all relevant times, NYPD Officer John Doe #1 was acting under the color of state law.

58. In these actions NYPD Officer John Doe #1 used excessive force against Plaintiff in violation of his rights under the Fourteenth Amendment to the U.S. Constitution.

59. The conduct of NYPD Officer John Doe #1 was willful, wanton, and reckless entitling Plaintiff to punitive damages, in addition to compensatory damages.

## FOURTH CAUSE OF ACTION

### New York Common-Law False Arrest/False Imprisonment
### Against All the Defendants

60. Plaintiff alleges and incorporates by reference the allegations in all previous paragraphs as if set forth fully herein.

61. On June 3, 2020, in the course of the arrest and ensuing detention of Plaintiff, all the individual NYPD officer Defendants intentionally arrested and/or confined Plaintiff without

reasonable or probable cause, illegally and without a written warrant, and without any right or authority to do so. Plaintiff was conscious of this confinement and it was without their consent.

62. The conduct of all the individual NYPD officer Defendants in so doing was willful and wanton entitling Plaintiff to punitive damages against these Defendants, in addition to compensatory damages.

63. At all relevant times, the individual NYPD officer Defendants were employees of the City of New York acting within the scope of their employment. Defendant City of New York is thus responsible for all damages to Plaintiff with the exception of punitive damages, under the doctrine under the doctrine of *respondeat superior*.

## FIFTH CAUSE OF ACTION

### New York Common-Law Assault
### Against John Doe #1 and the City of New York

64. Plaintiff alleges and incorporates the allegations in all the previous paragraphs as if fully set forth herein.

65. On June 3, 2020, Defendant John Doe #1 placed Plaintiff in fear of imminent harmful or offensive contact proximately causing him physical and psychological injury.

66. Such contact would have been without provocation or privilege.

67. On June 3, 2020, Defendant John Doe #1 was acting under the color of state law.

68. The conduct of Defendant John Doe #1 was willful and wanton entitling Plaintiff to punitive damages against that Defendant, in addition to compensatory damages.

69. On June 3, 2020, Defendant John Doe #1 was an employee of the City of New York acting within the scope of his employment. Defendant City of New York is thus responsible for all damages to Plaintiff with the exception of punitive damages, under the doctrine under the doctrine of *respondeat superior*.

## SIXTH CAUSE OF ACTION

## New York Common-Law Battery
## Against John Doe #1 and The City of New York

70. Plaintiff alleges and incorporates the allegations in all the previous paragraphs as if fully set forth herein.

71. On June 3, 2020, Defendant John Doe #1 made harmful or offensive contact with Plaintiff, a resident of New York, proximately causing him physical and psychological injury.

72. Such contact was without provocation or lawful privilege.

73. On June 3, 2020, Defendant John Doe #1 was acting under the color of state law.

74. The conduct of Defendant John Doe #1 was willful and wanton entitling Plaintiff to punitive damages against that Defendant, in addition to compensatory damages.

75. On June 3, 2020, Defendant John Doe #1 was an employee of the City of New York acting within the scope of his employment. Defendant City of New York is thus responsible for all damages to Plaintiff with the exception of punitive damages, under the doctrine under the doctrine of *respondeat superior*.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

A. enter an order certifying this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the class described herein with the named plaintiff as class representative;

B. enter a judgment declaring the defendants' conduct and policies, practices, and/or customs of arresting individuals outside during curfew without any inquiry into whether they are essential workers legally allowed to be outside to be unconstitutional;

C. Compensatory damages in an amount to be determined at trial in favor of plaintiff and the class he seeks to represent;

D. Punitive against all Defendants except the City of New York in an amount to be determined at trial in favor of plaintiff and the class he seeks to represent;

E. Reasonable costs and attorney's fees awarded to plaintiff and the class he seeks to represent;

F. Pre- and post-judgment interest to the fullest extent permitted by law; and

G. Such other and further relief as the Court may deem just and proper.

Dated: May 6, 2021
New York, New York

Respectfully Submitted,

*/s/ Mohammed Gangat*  */s/ Joshua Fuld Nessen*
**MOHAMMED GANGAT, ESQ.**  **JOSHUA FULD NESSEN, ESQ.**
Lawyer for Workers  14 Bradley Road
675 Third Avenue, Suite 1810  Weston, CT 06883
New York, NY 10017  Telephone: (646) 712-1920
Telephone: (718) 669-0714  joshuanessen9@gmail.com
mgangat@gangatllc.com

*Attorneys for Plaintiff VICTOR CAMPBELL*